The opinion of the Court was delivered by
Corcock, J.
The peace of society, and the safety of individuals, required that slaves should be subjected to the authority and control of all freemen, when not under the immediate authority of their masters. And while it is conceded, that this is necessary, it is equally obvious that both principle and policy require that their lives should be protected from the attacks of the violent and unthinking part of the community. Hence the act entitled an act for the better ordering and governing negroes and other slaves, passed in the year 1740, authorizes any white man, or person, to apprehend and moderately correct any slave who may be found out of the plantation at which he is employed. And in the event of such slave assaulting or striking such person, he may be lawfully killed. (5 sec. P. L. 165, 2 Brev. 231.[1]) This act further provides, that if a slaves shall strike any white person, he may be tried and punished for the first and second offence, in any manner the Court may think fit, not extending to life and limb ; but in case the slave shall grievously wound, maim or bruise the white man, then he shall suffer death, though it be the first offence ; 24th sec.[2] It is further provided, that when they assemble, they may be dispersed by the magistrates, or if they assume a hostile attitude, the militia may be ordered out by the proper authorities to suppress them, In all other respects, whether considered as persons or chattels, the common law applies to them.
The defendants cannot be justified by the principles of the common law, if we consider the negro as a person; for they were not clothed with the authority of the' law to apprehend him as a felon ; and without such ^authority, he could not be lawfully killed, while flying from them. The killing, then, not being justified by the statute of common law, the plaintiff has sustained an injury in the loss of his property, and is entitled to compensation. It is highly probable the feelings of the jury were operated on by the occurrences which had recently taken place in that neighborhood, and that they felt an unusual degree of resentment against this description of people, and perhaps some well grounded fears for their personal safety. They may, therefore, have thought that such a state of things did exist, as was pointed to, by the observations of the presiding judge. But on a more dispassionate review of the case, I am of opinion that the act was unnecessary and illegal. The motion is, therefore, granted.
All the judges concurred.
See 2 McC. R. 314: 4 MeC. 161, 156 ; 5 Rich. 46 : 6 Rich. 82.

 7 Stat. 399, 2 5.

 7 Stat. 405, 2 7, 43.